# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| JARROD B. WILSON | CIVIL ACTION NO. 06-0466 |
| VS. | SECTION P |
| CHRIS VINCENT, ET AL. | JUDGE JAMES |
| | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* by *pro se* plaintiff Jarrod B. Wilson on March 14, 2006. When he filed his complaint, Wilson was an inmate in the custody of the Louisiana Department of Public Safety and Corrections (LDOC). He was incarcerated at the Richland Parish Detention Center (RPDC), Rayville, Louisiana, and complained that he was the victim of excessive force by three corrections officers at that facility on September 1, 2005.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

## STATEMENT OF THE CASE

Plaintiff filed his complaint on March 14, 2001. [doc. 1] He asked for leave to proceed *in forma pauperis* [doc. 2] and on April 4, 2006, his request was granted. [doc. 3] On May 15, 2006, plaintiff was ordered to amend his complaint to cure various deficiencies. [doc. 4] On May 23, 2006, that order was returned to the court undelivered with the notation that plaintiff was no longer at the facility. [doc. 5]

1

## LAW AND ANALYSIS

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "For failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).

Further, Local Rule (LR) 41.3W provides in part, "The failure of a[]... *pro se* litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of thirty days." More than thirty days have elapsed since the Memorandum Order of May 15, 2006, was returned with the notation that plaintiff was no longer incarcerated at the RPDC. Nevertheless, plaintiff has not informed the court of his whereabouts.

Therefore,

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b) and LR41.3W.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may

respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 18th day of July, 2006.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE